UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ERIN K. KELLEY, | Case No. 3:23-cv-00410-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| EAGLE VALLEY CHILDREN'S HOME D/B/A THE NEVADA CHILDREN'S FOUNDATION, INC., | |
| Defendant. | |

*Pro se* Plaintiff Erin E. Kelley sued her former employer, Defendant Eagle Valley Children's Home d\b\a the Nevada Children's Foundation, Inc. (and several of its employees), for religious discrimination and retaliation under 42 U.S.C. § 2000e ("Title VII"). (ECF No. 1-2 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 3), recommending that the Court grant Kelley's application to proceed *in forma pauperis* ("IFP Application"), and dismiss her Complaint in part, with leave to amend, but let her proceed on one of her proposed claims against one proposed defendant. Objections to the R&R were due September 12, 2023. (*See id.*) To date, no objections to the R&R have been filed. Indeed, Kelley appears to agree with the R&R because she filed an amended complaint (ECF No. 5 ("FAC")) that appears intended to address the deficiencies in the Complaint that Judge Baldwin identified in the R&R. As further explained below, the Court will adopt the R&R and request that Judge Baldwin screen the FAC.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

findings and recommendations.") (emphasis in original). In the R&R, Judge Baldwin first recommends the Court grant Kelley's IFP Application. (ECF No. 3 at 2.) Judge Baldwin next recommends that the individual defendants be dismissed because they cannot be held liable for damages under Title VII. (*Id.* at 5.) Judge Baldwin then recommends Kelley's religious discrimination claim be dismissed with leave to amend because Kelley did not sufficiently allege an adverse employment action based on her religion. (*Id.* at 6.) But Judge Baldwin finally recommends that Kelley be permitted to proceed on her retaliation claim against Defendant. (*Id.* at 6.) Judge Baldwin did not clearly err in the R&R.

Indeed, and as mentioned above, Kelley filed the FAC in which she removed the individual defendants and the religious discrimination claim. (ECF No. 5.) Thus, Kelley appears to have been attempting to comply with Judge Baldwin's recommendations in the R&R even before the Court reviewed the R&R. The Court construes Kelley's filing of the FAC as a nonobjection to the R&R. Moreover, the FAC is now the operative complaint. *See, e.g.*, *CDK Glob. LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021) ("An amended complaint 'supersedes the original complaint[.]'") (citation omitted). The Court refers the FAC to Judge Baldwin for screening.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that the FAC (ECF No. 5) is the operative complaint. The Court refers the FAC to Judge Baldwin to screen.

It is further ordered that Kelley's IFP Application (ECF No. 1) is granted.

DATED THIS 16th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE